[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT; MOTION TO DISMISS
The plaintiff William Clark has brought suit against the Town of Greenwich, its former First Selectman, the Chief of Police, two police officers, The Greenwich Library, The Friends of Greenwich Library, owner of the library premises, and three employees of the Town who work at the Library[1]. The complaint alleges that on February 25, 2000 Clark visited the Library; that employees at the Library made a complaint to the Police Department to the effect that Clark's presence at the Library was a violation of his criminal probation conditions, and that the CT Page 1169 employees knew or should have known that the complaint was false, in that Clark had a legal right to be at the Library. It is further alleged that these defendants should have known that the complaint would lead to Clark's arrest.
The complaint also alleges that two police officers arrived at the Library, arrested and handcuffed Clark, and took him to the Greenwich Police Station. It is alleged that Clark advised the officers he was not on probation. Subsequently, after investigation, Clark was released and driven back to the Library by police officers.
Clark alleges that he was deprived of his liberty, humiliated and suffered emotional distress. He asserts numerous claims including malicious prosecution, false imprisonment and violation of his civil rights.
 I - Motion to Dismiss (104.00)
The two police officers, Brian Briggs and Timothy Biggs have moved to dismiss the complaint on the grounds that they were not properly served. The return of service in the court file shows that Officers Briggs and Biggs were served by having the writ summons and complaint left in the hands of Scott McConnell, a Traffic Technician at the Greenwich Police Department.
A motion to dismiss is the proper procedure to contest jurisdiction. Practice Book § 10-30. To obtain jurisdiction over an individual residing in Connecticut service of process must be made by delivery to the individual in person or leaving it at the individual's usual place of abode. General Statutes § 52-57 (a). Recognizing that the original return of service did not meet this standard, Clark advances two arguments. First, he contends that Officer McConnell was authorized to accept service for Biggs and Briggs. However, other than the bare assertion of authorization in the document filed opposing the motion to dismiss, the plaintiff offers no proof. The return of service states that McConnell "accepted service", however there is no indication that he was authorized to do so. Furthermore, there were no affidavits or any other evidence offered to support the contention of authorization. See Marcianov Town of Torrington, Superior Court, judicial district of Waterbury, CV 98 014 5588 (October 1, 1998, Gill, J.); O'Brien v Perry, Superior Court, judicial district of Hartford, CV 98 0584503 (January 26, 1999,Fineberg J.); Docchio v Bender, Superior Court, judicial district of Waterbury, CV 98 014 6014 (September 20, 1999, Doherty, J.).
Clark also opposes the motion to dismiss on the ground that on June 27, 2001 Briggs and Biggs were served with process at their usual place CT Page 1170 of abode. The return of this purported service was filed with the court on October 29, 2001, at the time of oral argument on this and related motions. This court has not been given any authority, and knows of none, to the effect that either service more than a month after the return day, or return of service five months after the return day, is valid. See General Statutes §§ 52-46, 52-46a.
The motion to dismiss is granted.
 II- Summary Judgment Motion (112.00)
The defendants Greenwich Library, The Friends of the Greenwich Library, and Inga
Boudreau, Theresa Wilson and Robert Taylor, who, according to the pleadings, are Town employees
who work at the Library, have moved for summary judgment dismissing the complaint.
Collectively, they will be referred to as the "Library Defendants".
Summary Judgment Standards
Summary judgment may be rendered where there is no genuine issue as to any fact material to the case, and the moving party is entitled to judgment as a matter of law. Practice Book § 17-49. In deciding such a motion, the court must view the facts in the light most favorable to the nonmoving party. Appleton v. Board of Education, 254 Conn. 205
(2000). A fact material to the case is one which will make a difference in the case outcome. Union Oil Co. v. Urban Development Commission,158 Conn. 364 (1969). It is not the court's function in deciding a summary judgment motion to determine fact issues, but only to determine whether there are issues of fact. Nolan v. Borkowski, 206 Conn. 495
(1988). The summary judgment procedure is designed to eliminate the delay and expense associated with the litigation of facts and issues about which there can be no real dispute. Wilson v. New Haven, 213 Conn. 277
(1989).
In support of their motion for summary judgment the Library Defendants have submitted the affidavits of Boudreau, Wilson and Taylor. The Boudreau affidavit states she called the Greenwich Police on February 25, 2000 and stated to the police that Clark was in the Library "at a time which violated a restraining order" and that she did not ask the police to take any particular action. She does not describe "restraining order" any further and does not state what time Clark was in the Library CT Page 1171 or what time she called the police.
The Wilson affidavit states that on February 25, 2000 she heard a disturbance in the Library and was told Clark was involved. She states she did not speak to the police. The Taylor affidavit states he saw Clark at the Library on February 25, 2000 but did not speak to the police about that matter.
Clark has submitted an affidavit in opposition to the summary judgment motion. In that affidavit he states he was at the Library at 11:30 a.m. on February 25, 2000. He saw Boudreau, Wilson, Taylor and one other Library employee looking at him while talking among themselves. He states "one of them picked up the telephone and placed a telephone call." Shortly thereafter, the police arrived, and he was arrested.
Additional facts which are not in dispute are (1) there are or have been several litigations between Clark as plaintiff and the Town of Greenwich, Greenwich Police Department and the Greenwich Library as defendants; (2) Clark's criminal probation conditions limited him to only using the Library between noon and 2:30 p.m.; his probation ended on November 27, 1999 (State v. Clark, CR 95-109563, CR 95-109695, CR 95-111139); (3) Clark was subject to a permanent civil injunction barring him from the Library except from the hours of noon to 2:30 p.m.; this injunction was in effect on February 25, 2000 (Ferris v. Clark Superior Court, judicial district of Stamford/Norwalk at Stamford, CV 93 013 3021, FA 93 013 2664 (July 18, 1999, Karazin, J.) aff'd 44 Conn. App. 902
cert denied 204 Conn. 924 (1997).
Discussion
Boudreau, Wilson and Taylor are charged in Count One of the complaint with malicious prosecution. The elements of that claim include an initiation or procurement of the initation of criminal prosecution with malice for a purpose other than bringing an offender to justice; that the defendant acted without probable cause, and the criminal proceedings terminated in favor of the plaintiff. The subjective element of intent makes it difficult to find no triable issues of fact with respect to a malicious prosecution claim. In this case there are genuinely disputed issues as to what some of the Library Defendants knew or should be held to have known about Clark's criminal probationary status. There is also a genuine issue as to whether Boudreau knew, or should have known, what steps she lawfully could take, if any, to enforce a civil injunction on behalf of another. Nevertheless the undisputed facts show that Wilson and Taylor did not play any role in calling the police. Therefore summary judgment on Count One is granted as to those two individuals and denied as to Boudreau. CT Page 1172
In Count Two, all the Library Defendants are charged with false imprisonment, the elements of which include acts by the defendant which are reckless or intentional. In Count Three the plaintiff alleges the Library Defendants violated his federal constitutional rights under color of state law and thereby violated Title 42 of the United States Code, Section 1983 (42 U.S.C. § 1983). In Count Four the Library Defendants are alleged to have acted negligently toward Clark. As to each of these claims there are genuine issues of fact relating to Boudreau's intent and knowledge. There are also genuine issues respecting Boudreau's position with, and relationship to, Greenwich Library, specifically whether her actions should be attributed to the Library. However, for the reasons stated above there is no genuine issue as to the fact that Wilson and Taylor did not play a part in the crucial incidents that led to this law suit. Furthermore the plaintiff has proffered no evidence whatsoever to support any claims against The Friends of Greenwich Library. Therefore with respect to Counts Two, Three and Four summary judgment is granted as to Wilson, Taylor and The Friends of Greenwich Library and denied as to Boudreau and Greenwich Library.
As to Counts Ten, Eleven and Twelve against Greenwich Library, which are premised on General Statutes §§ 52-557n, 7-465 and 7-101a, the defendants concede these can be dismissed only if all other counts against all the Library Defendants are dismissed. Since that is not the case, summary judgment on these counts is denied.
____________________ ADAMS, J.